## In re LIPMAN BROTHERS, INC., Debtor.

## LIPMAN BROTHERS, INC., Plaintiff,

### v.

## Frank LIPMAN, Harold Lipman, Bernard Lipman, Anna Lipman, and Dirigo Bank and Trust Company, Defendants.

### Bankruptcy No. 82–969–HL.
### Adv. No. A82–1205.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 24, 1983.

Philip Heller, Sullivan & Worcester, Boston, Mass., for plaintiff.

Peter B. McGlynn, Richmond, Rosen, Crosson & Resnek, Boston, Mass., for Frank & Anna Lipman.

Michael A. Nelson, Jensen, Baird, Gardner & Henry, Portland, Me., for Harold Lipman.

Timothy J. Dacey, Hill & Barlow, Boston, Mass., for Bernard Lipman.

Benjamin Zuckerman, Verrill & Dana, Portland, Me., for Dirigo Bank & Trust Co.

## MEMORANDUM ON MOTIONS TO DISMISS

HAROLD LAVIEN, Bankruptcy Judge.

The defendants in this proceeding, Harold Lipman, Bernard Lipman, Frank and Anna Lipman, and the Dirigo Bank and Trust Company, have all filed motions to dismiss the complaint against them. The complaint seeks recovery basically three on grounds, for money owed, recovery of insider preferences, and fraudulent conveyances. All four motions to dismiss were briefed and argued. All four motions are based on the Court's lack of jurisdiction as a result of the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and Congress' inaction in response thereto. At oral argument, counsel also argued the unconstitutionality of the District Court's emergency bankruptcy rule.[1]

As a result of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) invalidating the entire jurisdiction grant of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598 § 241(a), 92 Stat. 2549, 2668 (1978) and the failure of Congress to act, neither this Court nor I as one of its judges may

---

1. Bernard Lipman also had added the ground of lack of personal jurisdiction due to improper service but that objection was withdrawn now

that post-December 24th proper service has been made.

well have any existence or jurisdiction independent of the District Court's Rule of December 23, 1982. As an arm of the District Court, like any agent, I cannot create my own authority and at most would only have that power which is delegated to me and that does not include the power to pass on the validity of the orders of the District Court. After *Marathon,* I can only conclude that the constitutionality of this Emergency Rule can only be decided by an Article III court.[2] Any challenge to that order must be addressed to the District Court or, if appropriate, to the proper appellate court. Until the order of December 23, 1982 is altered by some proper authority, or in keeping with the said order, proceedings referred to me are stayed or removed, I am bound by that order and therefore, I will proceed in accordance with that order to hear the matters before me.

The motions to dismiss are denied.

The parties will submit a discovery schedule and recommended trial date within 20 days.

---

**2.** While certainly not conclusive, the Supreme Court's cryptic denial of the petition for Writs of Prohibition and Mandamus in *In re Keene Corporation. GAF Corporation and Pacor, Inc.,* —— U.S. ——, 103 S.Ct. 1237, 74 L.Ed.2d —— ——, Petitioners, (related to the *Manville Corporation* Chapter 11 bankruptcy in the Southern District of New York) filed with the Supreme Court in January of 1983, would at least indicate that the court did not consider the continual operation of the Bankruptcy Court under the emergency rule so egregious as to require it to grant this extraordinary relief. Counsel reported that the request for mandamus had been denied without any further comment by the Supreme Court on Tuesday, February 22, 1983.